IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

Case No.: 3:21-cv-00076-RAM-RM

Cathy Smith and Ramsey Smith

    Plaintiffs

Jury Trial Demanded

v.

Ryan Meade and Nicole Meade

    Defendants

_____/

## ANSWER

COME NOW Ryan Meade, *pro se*, and Nicole Meade, by and through her undersigned counsel, and pursuant to the applicable Federal Rules of Civil Procedure and Local Rules of the District Court of the Virgin Islands, Division of St. Thomas and St. John, and hereby serve their Answer, Affirmative Defenses and Counterclaim to the VERIFIED COMPLAINT filed by Plaintiffs, Ramsey Smith and Catherine Smith in the above-captioned cause as follows:

    1.    RYAN MEADE and NICOLE MEADE admit the allegations contained in Paragraph 7-8, 10-15, 20-22, 24, 28-31, 33, 36-39, 43, 47-49, 53, .

    2.    RYAN MEADE and NICOLE MEADE deny the allegations contained in Paragraph 7-8, 9, 16-19, 23, 25-26, 27, 32, 34-35, 40-42, 44-46, 50-52, 54-66, 68-73, 75-81, 83-93, 95-104, 106-118, 120-130.

3. RYAN MEADE and NICOLE MEADE repeats and re-alleges its prior responses to the allegations contained in Paragraph 67, 74, 82, 94, 105, and 119.

## AFFIRMATIVE DEFENSES

1. The Plaintiffs' Complaint fails to state a claim against MEADE upon which relief can be granted by this Court as Counts II through VII are subsumed by the Count I Breach of Contract Claim pursuant to the Economic Loss Rule and the Gist of the Action Doctrine.

2. This Court lacks personal jurisdiction over RYAN MEADE and NICOLE MEADE.

3. The Plaintiffs' Complaint was filed is insufficient process.

4. The Plaintiffs have insufficiently served of process on RYAN MEADE and NICOLE MEADE.

5. The Plaintiffs are not entitled to compensatory damages.

6. The Plaintiffs are not entitled to punitive damages.

7. The Plaintiffs are not entitled to attorneys' fees.

8. The Plaintiffs are not entitled to pre- or post-judgment interest.

9. RYAN MEADE and NICOLE MEADE state that the Plaintiffs' claims are subject to the Doctrine of Unclean Hands as they each engaged in fraud, unconscionable conduct, or bad faith in their actions which constitute Mortgage Fraud by now bringing suit to enforce the terms of a contract which was rescinded and not used to procure the purchase mortgage for the Property.

10. RYAN MEADE and NICOLE MEADE state, without admitting liability, that in the event Plaintiffs should recover under the Verified Complaint, RYAN MEADE and NICOLE MEADE are entitled to a set off and/or reduction for any and all liability based on payment already made to the Plaintiffs.

11. RYAN MEADE and NICOLE MEADE state, without admitting liability, that in the event Plaintiffs should recover under the Verified Complaint, RYAN MEADE and NICOLE MEADE are entitled to a set off and/or reduction for any and all collateral source benefits either paid or payable to the Plaintiffs.

12. RYAN MEADE and NICOLE MEADE reserve the right to amend this Answer and to assert additional affirmative defenses and/or supplement, alter or change the Answer and Affirmative Defenses upon completion of appropriate investigation and discovery in this matter.

## COUNTERCLAIM

1. On or about May 23, 2018, CATHERINE SMITH and RAMSEY SMITH entered into a Real Property Purchase and Sale Agreement ("MAY PSA") for Parcel Nos 1-F-J/K Estate St. Joseph & Rosendahl St. Thomas, Virgin Islands ("Property") which was owned by RYAN MEADE and NICOLE MEADE.

2. The MAY PSA cancelled and replaced all prior contracts and agreements for the purchase of the Property.

3. RYAN MEADE and NICOLE MEADE considered CATHERINE SMITH and RAMSEY SMITH friends, their children went to school together, and had been helping the Smith family by subsidizing their "rent" and allowing them to live in the

Property for several years prior to the sale closing.

4. Prior to the entering into the MAY PSA the Property had sustained damage as a result of Hurricane Irma on or about September 6, 2017.

5. At the time of the damage the Property was owned by RYAN MEADE and NICOLE MEADE.

6. At the time of the loss, the LLOYDS of LONDON Homeowner's Insurance Policy on the property was owned and paid for by RYAN MEADE and NICOLE MEADE.

7. At no time did CATHERINE SMITH or RAMSEY SMITH have any interest or ownership in the property or the insurance proceeds from the HOA policy.

## Count I
## Breach of Contract

RYAN MEADE and NICOLE MEADE repeats and re-alleges their prior allegations contained in Paragraphs 1-7 as if fully set forth herein

8. On or about May 31, 2018 CATHERINE SMITH and RAMSEY SMITH entered into a Default of Failure to Close Agreement ("Default Agreement") with RYAN MEADE and NICOLE MEADE.

9. Pursuant to the Default Agreement, "[a]ny insurance funds from the pending Hurricane Irma claim that become payable will be due as follows: 5% of the net insurance proceeds will be due to the hired PA, 5% of the net insurance proceeds will be due to the Owner and the remaining 90% of the net insurance proceeds will be due to Buyer for repairs to said property."

10. In July 2018 LLOYDS of LONDON offered $94,000 to settle the pending

hurricane damage claim.

11. RYAN MEADE offered CATHERINE SMITH $84,500.00 in accordance with the Default Agreement.

12. CATHERINE SMITH indicated that she did not want to accept the $94,000.00 offer, and wanted a larger recovery under the policy.

13. CATHERINE SMITH requested that RYAN MEADE pursues additional recovery from his insurance carrier.

14. RYAN MEADE informed CATHERINE SMITH that he was under no obligation to pursue additional recovery from the insurance company, that doing so could negatively effect his claims history, increase his future premiums, and would take considerable amount of time and effort to do.

15. RYAN MEADE further discussed with CATHY SMITH that ultimately if the insurance company refused to re-evaluate the claim, his only recourse would to eventually hire a lawyer on his own behalf, and pay them a fee, to pursue a claim against the insurance company in his own name reducing the recovery.

16. RYAN MEADE and CATHERINE SMITH discussed that an expected recovery would be no less than the $94,000.00 presently offered, no more than the $370,000.00 demanded, and likely somewhere around approximately $250,000.00.

17. CATHERINE SMITH and RYAN MEADE agreed that he would pursue additional recovery from his insurance company, and in doing so CATHERINE SMITH and RAMSEY SMITH agreed to reduce their 90% of the net insurance proceeds to 66%.

18. At no time did RYAN MEADE undertake any legal representation of

CATHERINE SMITH or RAMSEY SMITH.

19. At no time did CATHERINE SMITH and RAMSEY SMITH agree to be represented by RYAN MEADE.

20. At no time did CATHERINE SMITH and RAMSEY SMITH have a claim against RYAN MEADE and NICOLE MEADE's insurer for damage to the property.

21. At no time did RYAN MEADE and NICOLE MEADE assign any claims to CATHERINE SMITH or RAMSEY SMITH.

22. At all times RYAN MEADE was pursuing a recovery from his insurance company, under his insurance contract, on his own behalf as the property owner at the time of the loss.

23. RYAN MEADE's only obligation to CATHERINE SMITH and RAMSEY SMITH was a contractual one pursuant to the Default Agreement and subsequent oral agreement to try and secure additional recovery from his own insurance carrier under his own policy.

24. RYAN MEADE was able to secure an interim payment from LLOYDS of LONDON for $150,000.00.

25. RYAN MEADE was able to secure a final additional payment from LLOYDS of LONDON for $110,000.00, for a total recovery of $260,000.00.

26. CATHERINE SMITH and RAMSEY SMITH were entitled to a payment of $174,200.00.

27. CATHERINE SMITH and RAMSEY SMITH have been paid $184,300.00, and an overpayment of $10,100.00.

28. RYAN MEADE and NICOLE MEADE have made a demand for the return of the overpayment.

29. CATHERINE SMITH and RAMSEY SMITH have refused to return the overpayment in breach of the agreement.

## Count II
## Defamation

RYAN MEADE and NICOLE MEADE repeats and re-alleges their prior allegations contained in Paragraphs 1-29 as if fully set forth herein

30. CATHERINE SMITH and RAMSEY SMITH made a false and defamatory statement concerning RYAN MEADE and NICOLE MEADE, to wit, that they committed fraud, and stole money from them.

31. These statements and communications harmed RYAN MEADE and NICOLE MEADE's reputation and lowered them in the estimation of the community, and caused third persons from associating or dealing with them, including communications which imputed to him conduct constituting a criminal offense.

32. These statements and communications harmed RYAN MEADE and NICOLE MEADE 's reputation and lowered them in the estimation of the community, and caused third persons from associating or dealing with them, including communications which imputed to them characteristics that would adversely affect their fitness for the proper conduct of his lawful business, trade and profession.

33. Without a privilege for doing so, CATHERINE SMITH and RAMSEY SMITH published these defamatory communications to a third parties, both libelously

and slanderously, including the V.I. Supreme Court, RYAN MEADE's employer, co-workers, and colleagues in the Florida Bar and V.I. Bar, and other members of the community at large.

34. The defamatory communications to a third party, both libelously and slanderously made by CATHERINE SMITH and RAMSEY SMITH are actionable *per se*.

35. As a result of these defamatory communications to a third party, both libelously and slanderously made by CATHERINE SMITH and RAMSEY SMITH, RYAN MEADE and NICOLE MEADE have been specially harmed.

**WHEREFORE, RYAN MEADE and NICOLE MEADE** pray as follows:

(a) that RYAN MEADE and NICOLE MEADE recover from CATHERINE SMITH and RAMSEY SMITH their actual compensatory damages resulting from the breach of the Contract;

(b) that RYAN MEADE and NICOLE MEADE recover from CATHERINE SMITH and RAMSEY SMITH its consequential compensatory damages resulting from the breach of the Contract;

(c) that RYAN MEADE recover from CATHERINE SMITH and RAMSEY SMITH its consequential compensatory damages resulting from their Tortious Interference with his Business Relationship;

(d) that RYAN MEADE recover from CATHERINE SMITH and RAMSEY SMITH their actual compensatory damages resulting from their Tortious Interference with his Business Relationship;

(e) that RYAN MEADE and NICOLE MEADE recover from CATHERINE

SMITH and RAMSEY SMITH their actual compensatory damages resulting from their libelous and slanderous communications;

(f)     that RYAN MEADE and NICOLE MEADE recover from CATHERINE SMITH and RAMSEY SMITH its consequential compensatory damages resulting from their libelous and slanderous communications;

(g)     that RYAN MEADE and NICOLE MEADE recover its reasonable attorneys' fees and expenses of litigation in an amount to be shown by the evidence; and

(h)     that RYAN MEADE and NICOLE MEADE recover pre-judgment interest, and if applicable, post-judgment interest at a rate of 9% per annum of litigation in an amount to be shown by the evidence; and

(i)     that RYAN MEADE and NICOLE MEADE have such other and further relief as this Court deems just and proper under the circumstances of this case.

> Respectfully submitted,
>
> /s/ Ryan Meade
> Ryan C. Meade, Esq.
> ryanm@rmcalaw.com
> V.I. Bar No.: 1033

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court via the CM/ECF system this 5th day of November 2021, which will send a notice of electronic filing to: Michael L. Sheesley, Esq.

/s/ Ryan C. Meade
Ryan C. Meade, Esq.